JOHN H. WILLIAMS, APPELLEE, v. WILLIAM B. WIGHTMAN ET AL., APPELLANTS.

FILED MAY 21, 1908. No. 15,201.

Fraud: EVIDENCE. A owned a stock of goods valued at $2,800. B owned land in a county distant from the residence of A, which he represented that he had sold to C for the sum of $3,200, of which sum $200 had been paid and $3,000 was to be paid in about three months. A transferred his stock of goods to B at the agreed price of $2,800, and took an assignment of the contract evidencing the sale of the land of B to C. C failed to pay the $3,000 due on the land contract when it matured, and A commenced an action against B to recover the value of his stock of goods, alleging that he took an assignment of the contract as security only, and,

further, that the contract entered into between B and C for a sale of B's land was not a *bona fide* contract, but a pretense and a fraud, and made for the purpose of being used to trade A out of his stock of goods; that the land was of poor quality, and not worth to exceed $500. There was evidence tending to show that the land, to defendant's knowledge, was of poor quality; that C had bought the land without knowledge of its character or value; that he was a renter of the agent of B who made the sale, and presumably of little financial standing or ability; that A, when he took an assignment of the contract, had no knowledge of the character of the land or its value; that he had no acquaintance with C, and was ignorant of his financial ability to carry out his contract for the purchase of the land or of his character for honesty and integrity. *Held*, That the evidence was sufficient to sustain a verdict in favor of the plaintiff.

APPEAL from the district court for Harlan county: ED L. ADAMS, JUDGE. *Affirmed.*

*Gomer Thomas* and *Keester & Myers,* for appellants.

*J. G. Thompson* and *John Everson, contra.*

DUFFIE, C.

In February, 1906, the plaintiff Williams owned a stock of general merchandise at Stamford, Nebraska, and the defendant Wightman was the owner of 320 acres of land in Logan county, Nebraska. The plaintiff's petition is quite vague in its allegations, but we gather from the statements contained therein that Wightman represented that he had negotiated a sale of his Logan county land to one Clary for $3,200, of which $200 was paid in cash, and the remainder of $3,000 was to be paid May 20, 1906; that Wightman would assign to the plaintiff the contract evidencing the purchase of his land by Clary as security for the purchase price of plaintiff's stock of merchandise, estimated to be worth $2,800. The petition further alleges that Wightman represented the land to be worth $3,200; that it was level, and first-class soil; that it was not, in fact, worth to exceed $500; that the pretended sale to Clary was a fraud, and was drawn up and presented to

plaintiff with the intent to deceive him and to wrongfully obtain possession of his stock of goods; that Clary was in collusion with the defendant, and fraudulently signed the said contract, and lent his influence and aid in perpetrating the fraud; that, relying on the representations made, he traded with defendant, and turned over to him his stock of merchandise. The answer denies any false representation in regard to the quality of the land; and alleges that the contract entered into between himself and Clary for a sale of the land was assigned to the plaintiff in full payment for plaintiff's stock of goods; the plaintiff executing an agreement to pay to the defendant $200 out of the $3,000 called for by said contract when the same was paid by Clary. The case was tried to a jury which returned a verdict in favor of the plaintiff for $2,800, the agreed value of his stock of goods.

The case was tried and submitted to the jury upon the theory, first, that the land contract had been assigned to the plaintiff as security only for the payment of $2,800, the agreed value of plaintiff's stock of merchandise; and, second, that the contract for the sale of the Logan county land to Clary was a pretense and a fraud; that the land was of little value, and the contract made, not for the purpose of evincing a *bona fide* sale, but to be used in trading the plaintiff out of his stock of goods. The evidence contained in the bill of exceptions is amply sufficient to support the findings of the jury upon either theory. The land is apparently of little value. Clary, the vendee in the contract of sale, was not a witness in the case, but the inference arising from the evidence is that he is a man of little or no financial means, a renter of the agent of the defendant who sold him the land or who procured him to sign the contract of sale. He never saw the land, and apparently had no knowledge of its quality or value, and, according to the evidence of the agent who made the sale, was purchasing for his father, who at the time resided in Colorado or Oklahoma. We cannot believe that a party purchasing either for himself

or for his father would contract to pay $3,200 for land which he had never seen and of the value of which he had no knowledge. Neither is it probable that the plaintiff would accept in payment for his stock of goods a contract of this character, knowing nothing of the value of the land described in the contract, and having no knowledge of the financial standing of the vendee in the contract. The evidence is clear that the plaintiff at the time of taking the assignment of this contract had never seen the land, which was something like 100 miles from his place of residence; that he knew nothing of its value, and had no knowledge whatever of the financial condition of Clary, whose contract of purchase the defendant claims was taken in payment for the stock of merchandise, or of his character for honesty and integrity. Wightman remarked to one of the witnesses, when informed that Williams had gone to Logan county to see the land, that "Williams would wish he had never seen it."

The circumstances all go to support the plaintiff's theory of the case, and the verdict of the jury has ample support in the evidence contained in the bill of exceptions. We recommend an affirmance of the judgment.

EPPERSON and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.